UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CINDY MITCHELL**                                                                                       **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO. 5:24-CV-P53-JHM**

**OFFICER PHILLIPS et al.**                                                                          **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Cindy Mitchell, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The amended complaint (DN 7)[1] is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

### I. STATEMENT OF CLAIMS

Mitchell, a pretrial detainee at the McCracken County Jail (MCJ), sues MCJ and two Corrections Officers Phillips and Long in their official capacities. She alleges that Phillips and Long limit the amount of toilet tissue to two rolls per week and require inmates to buy tissue from the commissary. She further alleges that Long and Phillips conduct "random cell searches and take our tissue away from us."

Mitchell also alleges that Long "tends to degrade us females because we have broke the law and were in jail." She states that Long also forces inmates who have medical conditions to climb onto top bunks.

Mitchell requests $250,000 and for Long to lose her job.

---

[1] Mitchell and other plaintiffs initiated this lawsuit. The Court severed the other Plaintiffs from this action and instructed Mitchell to file an amended complaint containing of only her claims. Thus, her amended complaint (DN 7) is the operable complaint in this action.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Claims against MCJ and Phillips and Long in their official capacities

Mitchell sues MCJ and Phillips and Long in their official capacities. MCJ is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, McCracken County is the proper Defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F.

2

Supp. 502, 503 (W.D. Ky. 1990). Moreover, "[o]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official-capacity claims against Phillips and Long are also against McCracken County.

A municipality such as McCracken County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id*. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff's allegations pertain only to herself, and she does not allege that any constitutional violation occurred pursuant to a policy or custom of McCracken County. Accordingly, Plaintiff's claims against MCJ and Phillips and Long must be dismissed for failure to state a claim upon which relief may be granted.

"Although a district court may allow a plaintiff to amend [her] complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain* [*v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013], and leave to amend should be denied if the amendment would be futile." *Bishawi v.*

*Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014)). Here, amendment would be futile because Mitchell's allegations do not state constitutional claims.

### B. Claim regarding toilet paper

Mitchell alleges that Phillips and Long limit tissue to two rolls each week and require inmates to buy extra tissue from the commissary. She further alleges that they conduct "random cell searches and take our tissue away from us."

As a pretrial detainee, Mitchell is protected by the Fourteenth rather than the Eighth Amendment, which applies to convicted prisoners. *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 315 (6th Cir. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398-402 (2015)). Until recently, courts in the Sixth Circuit analyzed Eighth and Fourteenth Amendments under the same rubric. Under this rubric, a prisoner must satisfy a two-prong test by demonstrating that (1) the deprivation alleged is sufficiently serious (the objective prong); and (2) the official responsible for the deprivation exhibited deliberate indifference to the prisoner's health or safety (the subjective prong). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, in *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021), the Sixth Circuit interpreted the Supreme Court's decision in *Kingsley* to require modification of the subjective prong of this test for pretrial detainees. *Id.* at 596. Notably, *Brawner* left the objective prong "untouched." *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022). Thus, the objective prong for both an Eighth and Fourteenth Amendment conditions-of-confinement claim remains the same.

To satisfy the objective prong, a plaintiff must show "that [s]he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Contemporary standards of decency determine whether conditions of confinement meet this standard. *See, e.g.*, *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337,

346 (1981)). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Here, Mitchell seems to allege that she receives two rolls of toilet paper a week and that she can purchase additional rolls from the commissary if needed. The Court agrees with the other district courts which have held that claims like this one fail to satisfy the objective prong of a conditions-of-confinement claim. *See, e.g.*, *Worden v. Gearland*, No. 2:24-CV-11191, 2024 WL 4507357, at *4 (E.D. Mich. Oct. 16, 2024) ("[A]llegations that a prisoner was simply denied an additional allotment of toilet paper, which caused him to be temporarily inconvenienced, do not rise to the level of an Eighth Amendment violation."); *Green v. Caron*, No. 3:22-cv-1397 (KAD), 2023 WL 6809620, at *6 (D. Conn. Oct. 16, 2023) (concluding, in ruling upon a motion for a preliminary injunction, that the plaintiff had failed to show a clear likelihood of success on the merits of his Eighth Amendment claim based on his allegation that prison officials gave him only one roll of toilet paper per week); *Redwine v. Rutherford Cnty.*, No. 3:15-cv-00244, 2015 WL 2185911 (M.D. Tenn. May 11, 2015) ("A limited but regular supply of free toilet paper, with more available for purchase, does not rise to [the requisite] level of deprivation . . . ."); *Hunter v. Helton*, No. 1:10-cv-00021, 2010 WL 2405092, at *8 (M.D. Tenn. June 10, 2010) (dismissing claim as insufficient because hygienic deprivation was only temporary where the prisoner alleged that he received only one roll of toilet paper per week and had to use his clothes to wipe when he ran out).

Thus, because the Court finds that Plaintiff's allegations fail to satisfy the objective prong of a constitutional conditions-of-confinement claim, the Court need not consider the subjective prong of the Fourteenth Amendment standard.

### B. Claim regarding degrading language

Mitchell alleges that Long "tends to degrade us females because we have broke the law and were in jail." However, harassment and verbal abuse by prison officials do not rise the level of a constitutional claim. *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.").

### C. Claim related to inmates forced to use top bunks

Finally, because Plaintiff is *pro se* she cannot bring a claim about other prisoners being forced to use the top bunk despite medical issues. She can only represent herself in this action. *See* 28 U.S.C. § 1654; *see also Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (holding that because "*pro se*" means to appear on one's own behalf, a person may not appear *pro se* on another person's behalf).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: November 7, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009